**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **Darryl E. Adams,** *Plaintiff* | § § § | |
| **v.** | § § | **1:26-cv-00710-DAE-SH** |
| **David Steiner and Paulo Barros,** *Defendants* | § § § § | |

### ORDER

Now before the Court are Plaintiff Darryl Adams' Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs under 28 U.S.C. § 1915(a)(1) (Dkt. 2), both filed March 25, 2026.[1]

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security thereof" if the plaintiff shows by affidavit that she cannot pay such fees or security. "A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). To determine whether a particular order causes "undue financial hardship," a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). If a plaintiff is granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e) to determine whether it should be dismissed for frivolousness, failure to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 3.

1

Plaintiff alleges that he cannot afford the filing fee in this case but did not complete all questions on his application. He checked the "yes" box for receiving "pension, annuity, or life insurance payments" and "disability, or worker's compensation payments," but did not describe those payments. *See* Dkt. 2 at 1 ("If you answered 'Yes' to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.").

To determine whether Plaintiff can afford the filing fee, he must complete the standard "Application to Proceed In Forma Pauperis and Financial Affidavit in Support," available on the Court's website as Attachment d to the Pro Se Manual.[2] To determine whether this case should be dismissed under 28 U.S.C. § 1915(e), Plaintiff also must file a more definite statement explaining his allegations in more detail.

Accordingly, the Court **ORDERS** Plaintiff to:

A. Either pay the $405 filing fee or complete in full the Court's Application to Proceed In Forma Pauperis and Financial Affidavit in Support; **and**

B. Answer the following questions in a separately filed More Definite Statement:

(1) Name all defendants you are suing;

(2) Explain how each defendant discriminated against you and, if the defendant is an individual, describe your relationship with that individual (such as a coworker, manager, etc.);

(3) List your specific claims separately and clearly under each statute you allege was violated and explain how the defendants violated those statutes;

(4) State whether you are still employed, and if so, who is your employer; and

(5) Identify what damages you seek.

**by April 24, 2026**.

---

[2] https://www.txwd.uscourts.gov/wp-content/uploads/filing-without-an-attorney/pro-se-manual/d.%20Motion%20to%20Proceed%20in%20Forma%20Pauperis%20 (AO%20240).pdf?_wpnonce=273543e1bb.

2

**Failure to comply with the Court's Order by the April 24, 2026 deadline may result in dismissal of this case for want of prosecution and failure to comply with a court order under Rule 41(b).**

**SIGNED** on April 1, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE