# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Darryl E. Adams,**<br>*Plaintiff* | §<br>§ | |
| **v.** | §<br>§ | **No. 1:26-cv-00710-DAE** |
| **David Steiner and Paulo Barros,**<br>*Defendants* | §<br>§ | |

## ORDER

Now before the Court is Plaintiff's Motion for Appointment of Counsel, filed June 18, 2026 (Dkt. 8).[1]

Plaintiff Darryl E. Adams brings this employment discrimination suit against two employees of his previous employer, the United States Postal Service. Dkt. 6 at 2. Adams alleges that Defendants David Steiner and Paulo Barros discriminated against him because of his race, age, and disability, in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act. Dkt. 1 at 6; Dkt. 6 at 2. He alleges that he exhausted his administrative remedies and attaches a copy of his right to sue letter from the Equal Employment Opportunity Commission to his complaint. Dkt. 1-2. Adams now asks the Court to appoint counsel to represent him, although he states that he is still awaiting consultation with two different law firms. Dkt. 8 at 1.

A *pro se* plaintiff in a civil case is not entitled to appointed counsel as a matter of right. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit absent exceptional circumstances. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional

[1] By Text Order entered September 28, 2026, the Honorable David A. Ezra referred the motion to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

circumstances warrant appointment of counsel include the (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate his case; (3) presence of evidence that largely consists of conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

Adams has not shown exceptional circumstances warranting appointment of counsel. The issues presented do not appear to be particularly complex. He is a college graduate who has adequately and coherently litigated his case thus far, including timely complying with the Court's orders.

Because Adams has not presented exceptional circumstances to warrant the appointment of counsel at this time, his Motion for Appointment of Counsel (Dkt. 8) is **DENIED**.

The Court **ORDERS** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on October 15, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE